IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

REVEREND BRYAN G.
FULWIDER et al.,

    Plaintiffs,

v.                                  CASE NO. 4:16cv765-RH/CAS

JUSTIN SENIOR etc. et al.,

    Defendants.

_____/

## ORDER FOR ENTRY OF JUDGMENT

This case presents a challenge to a state law that (1) imposes a content-and viewpoint-based requirement to register and pay a fee to engage in speech protected by the First Amendment and (2) makes it a crime *not* to simultaneously engage in compelled speech that the law describes so vaguely that even the state's Attorney General does not know what is required. The order of September 29, 2017 granted a preliminary injunction barring enforcement of these provisions. Further support for the decision now comes from *National Institute of Family and Life Advocates v. Becerra*, No. 16-1140, 2018 WL 3116336 (U.S. June 26, 2018).

Case No. 4:16cv765-RH/CAS

To avoid the cost and burden of further litigation, the parties have entered into an agreement under which a final judgment will be entered that is consistent with the preliminary injunction. The parties have submitted a proposed order. Their agreement calls for entry of an order in "substantially" the proposed form.

The proposed order is being separately entered without change. But two clarifications are in order.

First, the order calls for the defendant Justin Senior, in his official capacity as Secretary of the Florida Agency for Healthcare Administration, to pay the plaintiffs' reasonable attorney's fees. The order contemplates that the parties will attempt to agree on the fee amount. If the parties do not agree on the amount, the order sets a deadline of 60 days after entry of the order for the plaintiffs to apply for a fee award.

Under this district's bifurcated attorney's fee procedure, the issue of entitlement is addressed first, followed by determination of the amount. The governing procedures are set out in Local Rule 54.1. The clarification of the parties' agreement and their proposed order is this. The agreement and order establish entitlement. So the 60-day deadline is the deadline for filing the materials required by Local Rule 54.1(E). And if, as sometimes happens, the parties wish to extend the 60-day deadline so that they may continue to negotiate, they may move

to extend the deadline; the agreement and proposed order do not foreclose such an extension.

Second, the proposed order says the court retains jurisdiction only to award attorney's fees. This precludes any effort to reopen or expand the case, and rightly so. The case will end—save only for any award of attorney's fees—with the parties' agreement, entry of their proposed order, and entry of a final judgment as required by the proposed order. But the final judgment will include an injunction. A court has inherent authority to enforce an injunction while it is in effect. And a court has inherent authority to terminate an injunction in whole or in part in appropriate circumstances. The proposed order should not be read to suggest otherwise.

For these reasons,

IT IS ORDERED:

1. The joint motion to convert the preliminary injunction to a permanent injunction and for other specified relief, ECF No. 67, is granted.

2. The separately entered order entitled "Order Entering Permanent

Injunctive and Declaratory Relief and Final Judgment" is a final judgment under Federal Rule of Civil Procedure 58.

3. The clerk must close the file.

SO ORDERED on July 5, 2018.

                                                s/Robert L. Hinkle
                                                United States District Judge